IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YU LIN,  )  | |
| )  | |
| Plaintiff,  )  | CASE NO. 4:05CV3153 |
| )  | |
| vs.  )  | |
| )  | |
| )  | ORDER |
| UNIVERSITY OF NEBRASKA,  )  | |
| )  | |
| Defendant.  )  | |
| )  | |
| )  | |

This matter is before the court on plaintiff's Motion to Compel Discovery (Filing No. 31), plaintiff's Second Motion to Compel Discovery (Filing No. 32), plaintiff's Third Motion to Compel Discovery (Filing No. 35), and defendant's Motion for Order to Show Cause (Filing No. 38).

**DISCOVERY MOTIONS**

In plaintiff's three motions to compel discovery she asks the court to compel discovery of: (1) her graded systems exam sheets with cover sheets for Fall 2003 and Spring 2004; and (2) documentation of the exam performance for two other students in the University of Nebraska's (University) Department of Computer Science and Engineering (CSE) PhD program. Plaintiff alleges that her requests for the exam results for these students was not met because the defendant provided her with forged documents. In its response to the plaintiff's motions (Filing Nos. 34 and 41), the defendant claims that it produced all responsive records that could be located, and that no documents were forged or altered.

With respect to plaintiff's first request that the court compel defendants to produce her graded systems exam sheets with cover sheets, defendant contends that it has produced all cover sheets for plaintiff that it can locate, and that in the instances where it could not produce the cover sheets it has produced secondary evidence of Ms. Lin's test scores in the normal course of business. At her deposition, plaintiff was shown two e-mails from Hong Jiang, Vice Chairperson of the CSE and subcommittee chair of the System Track exams, to the CSE Systems faculty. These e-mails informed Ms. Lin of the details of her exam qualifying scores for the Systems Track exam. (Filing No. 42 Exhibits. 3.1 and 3.2). In an affidavit filed with the court, Mr. Jiang explained that the e-mails shown to Ms. Lin contained the exam scores that were reached by consensus between the Systems faculty members for all students who took the Systems Track exam. (Filing No. 42 Affidavit of Hong Jiang (Jiang Aff.) at ¶ 7). After receiving the exam scores, Mr. Jiang e-mailed the scores to the CSE Systems Track faculty for verification of the scores accuracy. (Filing No. 42 Jiang Aff. at ¶ 4). It is these e-mails that plaintiff was shown at her deposition. Plaintiff has not produced any evidence to prove that the exam scores in these e-mails are not accurate. Therefore, due to the unavailability of the exam cover sheets, the University has made sufficient efforts to apprise plaintiff of the information and detail concerning her test scores.

With regards to plaintiff's allegations that defendant produced forged documents, the court has reviewed all relevant documents and has concluded that the defendant provided plaintiff with the requested documents and plaintiff's allegations of forgery are unsubstantiated. Therefore, plaintiff's motions to compel are denied.

**ORDER TO SHOW CAUSE**

Defendant requests that the court order plaintiff to show cause why she should not be held in civil contempt and subject to sanctions for violation of the Stipulation and Protective Order (Filing No. 24). The court will not Order the plaintiff to Show Cause, but she is strongly advised that with regards to any future filings she **must comply with the provisions of the Stipulated Protective Order as modified in this Order.** Indeed, "pro se litigants are not excused from complying with court orders or substantive and procedural law." Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988), cert. denied, 493 U.S. 820 (1989). Therefore, if plaintiff is filing any documents that reference other students in the CSE program, she must inform the court that the document is to be filed under seal and not open for the public to view. If the plaintiff continues to violate the protective order she will be subject to sanctions at a future date.

Furthermore, upon reconsideration by the court, the Stipulated Protective Order (Filing No. 47) is modified by this Order. In future filings with the court, the parties will no longer identify students in the CSE program by their initials; rather, the parties are instructed to work out a key to identify students by a series of numbers.

**THEREFORE, IT IS ORDERED:**

1. Plaintiff's First, Second, and Third Motions to Compel (Filing Nos. 31, 32, 35) are denied;

2. Defendant's Motion for Order to Show Cause (Filing No. 38) is denied; and

3.  In future filings, the parties shall refrain from using initials to identify students in the University's CSE PhD program, and will create a key to identify students by a series of numbers.

DATED this 9th day of January, 2006

                                BY THE COURT:

                                S/ F. A. Gossett
                                United States Magistrate Judge