IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YU LIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3153 |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF NEBRASKA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's Objection to Order (Filing No. 58); plaintiff's Fourth Motion to Compel (Filing No. 68); plaintiff's Motion for Judicial Notice (Filing No. 71); plaintiff's Motion for Leave to Amend her Complaint (Filing No. 77); and plaintiff's Fifth Motion to Compel (Filing No. 78).

**Objection to Order**

The court has reviewed plaintiff's Filing No. 58 opposing the court's January 9, 2006 Order and will construe the motion as a motion for reconsideration. The plaintiff seeks reconsideration of her motions to compel. (Filings No. 32, 35, and 38). After reviewing the motion, the court's Order, and the supporting documents the court upholds its January 9, 2006 Order and denies plaintiff's motion for reconsideration.

**Motion to Amend**

Plaintiff moves this court to allow her to amend her complaint. (Filing No. 77). This case has been pending before the court since June 29, 2005. The parties have engaged in extensive discovery, and put considerable time and expense into the proceedings. Therefore, in the interest of fairness and judicial economy the court determines that it is too

late in the above entitled action to add claims or parties. The plaintiff is not prevented from bringing a new action, but this case will proceed on the basis of the plaintiff's Amended Complaint (Filing No. 4).

**Plaintiff's Fourth Motion to Compel**

In her Fourth Motion to Compel (Filing No. 68) plaintiff requests that this court compel discovery of student 333's graded two exam sheets from the Application Track exam. In response to this motion defendant filed a brief and a supporting index. (Filing Nos. 73 & 74). Attached as evidence, defendant submitted a letter addressed to plaintiff that stated it had provided her with copies of the requested documents. Furthermore, a review of the record reveals that the test results that plaintiff is requesting are contained in Exhibit 1.6 attached to Dr. Sharad Seth's affidavit. (Filing No. 42). Therefore, plaintiff has been provided with the requested documents and her motion to compel is moot.

In its response to plaintiff's Fourth Motion to Compel the defendant requested that this court enter a protective order prohibiting plaintiff from making any additional inquiries regarding the academic records of other Computer Science and Engineering (CSE) students. After reviewing the documents submitted thus far in support of the motions for summary judgment and the motions to compel, the court concludes that the defendant has provided plaintiff with a significant amount of information including extensive detail concerning the academic records of other students in the CSE program. Furthermore, the court is cognizant of the privacy concerns highlighted in the Family Educational Rights & Privacy Act of 1974 (FERPA), thus while the rules of discovery are quite liberal, the privacy of students records presents a significant countervailing consideration. Therefore, the court will grant defendant's request and enter a protective order preventing plaintiff from

2

requesting additional academic records for other CSE students in the absence of a definite explanation by plaintiff about why she needs the requested records.

**Fifth Motion to Compel**

In Plaintiff's Fifth Motion to Compel it appears plaintiff is requesting the scores for all student's Application Track and Communication & Network and Software Engineering exams for Spring and Fall 2003.  Because plaintiff has failed to demonstrate a significant need for this information, pursuant to the Protective Order discussed above the court denies this motion.

**Motion for Judicial Notice**

Plaintiff asks this court to take judicial notice of what exam types are given in the Application Track qualifying exams.  Specifically, plaintiff would like the court to take judicial notice that Information Retrieval is not an area of testing in the Application Track exams.  A judicially noticed fact must be (1) generally known within in the jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.  Fed. R. Civ. P. 201.  The various areas of testing by the CSE department in the Application Track of its PhD program does not meet this standard and cannot be a judicially noticed fact.  Furthermore, in the affidavit of Dr. Seth Sharad, a member of the CSE graduate faculty, he stated that in the fall of 2003 students who took the qualifying Applications Track exam could select one of four areas for testing: (1) Artificial Intelligence, (2) Communication & networks, (3) Database/Information Retrieval, or (4) Software Engineering.  Therefore, plaintiff's motion is denied.

3

While the court has considered and rejected the request for sanctions in this case, the court will seriously consider future sanctions if the plaintiff persists on challenging the authenticity of documents produced by the defendant and requesting information not relevant to her claims. The Federal Rules of Civil Procedure provides for the imposition of sanctions if a party fails to comply with an order of the court, frustrates and impedes discovery, or otherwise wilfully ignores his or her obligations under the court's rules. "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988), *cert. denied*, 493U.S. 820 (1989).

Fed. R. Civ. P. 37(b)(2) sets forth an array of possible sanctions which the court may impose for a party's willful disobedience of discovery orders.

> (2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery . . . or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such order in regard to the failure as are just, and among others the following:
>
> (A) . . .
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding or any part thereof**, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
>
> (E) . . .

4

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorneys's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(Emphasis added.)

Fed R. Civ. P. 41 (b) states:

> Involuntary Dismissal: Effect Thereof.  For failure of the plaintiff to prosecute **or to comply with these rules or any order of court**, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

**IT IS ORDERED:**

    1.    Plaintiff's objection to Order (Filing No. 58) is denied.

    2.    Plaintiff's Fourth Motion to Compel (Filing No. 68) is denied.

    3.    Plaintiff's Motion for Judicial Notice (Filing No. 71) is denied.

    4.    Plaintiff's Motion for Leave to Amend her Complaint (Filing No. 77) is denied.

    5.    Plaintiff's Fifth Motion to Compel (Filing No. 78) is denied.

    6.    Pursuant to Fed. R. Civ. P. 26(c)(4) the plaintiff is prohibited from making additional inquiries regarding the academic records of other CSE students absent further order of the court.

DATED this 16th day of March, 2006.

                          BY THE COURT:

                          S/ F. A. Gossett
                          United States Magistrate Judge