IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YU LIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3153 |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF NEBRASKA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's Motion for Summary Judgment (Filing No. 50), the parties responses to the court's April 5, 2006 Order (Filing Nos. 92, 96, 98, 100), plaintiff's Objection to Order on Motion for Summary Judgment (Filing No. 91), and plaintiff's Motion to Continue Planning Conference (Filing No. 92).

In this court's April 5, 2006 Order (Filing No. 90) it ordered both parties to supplement the record with further argument on the issue of adverse action with respect to the plaintiff's claims under Title VII of the Civil Rights Act and Title IX of the Education Amendments of 1972. The court has reviewed the parties submissions and on defendant's remaining claims grants summary judgment in part and denies summary judgment in part.

For the Factual Background in this case the court references the facts as outlined in its April 5, 2006 Order. (Filing No. 90).

**Title IX - Discrimination - Dismissal from CSE Doctoral Program**

The first remaining claim is Plaintiff's claim that the University discriminated against her by dismissing her from the CSE PhD program after her unsuccessful appeal from her dismissal for failing to satisfy the program exam requirements. Specifically, plaintiff claims that she was not readmitted on appeal while two similarly situated male students were

readmitted after dismissal for failing to satisfy the program's exam requirements. Defendant argues that it dismissed plaintiff from the program because she did not meet the testing requirements and her academic performance did not warrant readmission on appeal. Defendant seeks summary judgment on this issue.

The court asked the parties to provide supplemental briefing on the issue of adverse educational action. After reviewing all of the submissions, the court has concluded that with respect to this claim there are genuine issues of material facts in dispute for trial. Therefore, defendant's motion for summary judgment on this claim is denied.[1]

**Title VII**

### 1. Discrimination - Dismissal of Application for Teaching Assistant Position

The second remaining claim is plaintiff's claim that defendant discriminated against her by dismissing her application for a teaching assistantship for the Summer of 2004 and Fall of 2004. Specifically, plaintiff claims that other similarly situated males were readmitted to the CSE PhD program after failing to satisfy the exam requirements and these males were afforded the opportunity to apply for, and were in some instances awarded, teaching assistant positions. Defendant claims that the dismissal of plaintiff's application was not discriminatory and was the result of her dismissal from the CSE PhD program which was based on her academic performance. Defendant seeks summary judgment on this issue.

As stated in the court's previous Order, Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any

---

[1] The court's determination that there are genuine issues of material fact for trial is not a determination that the defendant discriminated against plaintiff in violation of Title IX. This determination will be made at trial.

individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Summary judgment may be entered in a Title VII action "if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial."  *Brower v. Runyon*, 178 F.3d 1002, 1005 (8th Cir. 1999).

### Prima Facie Case

A prima facie case of discrimination requires the plaintiff to establish that he 1) is a member of a protected class; 2) was qualified to perform his job; 3) suffered an adverse employment action; and 4) was treated differently than similarly situated people. *See Schoffstall v. Henderson*, 223 F.3d 818, 825 (8th Cir. 2000) (*citing Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999)).  If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action.  *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993).  If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. at 143. The ultimate burden of persuasion remains with the plaintiff throughout the case.

Here the court concludes that plaintiff is unable to establish a prima facie case of discrimination.  While plaintiff has established that her dismissal from the CSE program made her ineligible to apply for teaching positions, ineligibility for a teaching position is not an adverse employment action under Title VII.   Adverse employment actions must have a "materially adverse impact" on the plaintiff's terms or conditions of employment under

3

Title VII. *Coffman v. Tracker Marine, L.P.*, 141 F.3d 1241, 1245 (8th Cir.1998). Since plaintiff was not actually an employee of defendant there was no materially adverse impact on the plaintiff's terms or conditions of employment. It is too speculative to conclude that the University would have hired plaintiff as a teaching assistant merely because she was eligible to apply for the positions. All that she can establish is that if she had remained in the CSE PhD program she *could* have applied for a teaching assistant position, this is not sufficeint to meet her burden in establishing a prima facie case of discrimination.[2]

Therefore, because the plaintiff cannot establish a prima facie case of discrimination summary judgment is granted in favor of the defendant on this issue.

**Motion for Reconsideration**

Plaintiff seeks reconsideration of filing no. 90 the court's Memorandum and Order of March 31, 2006 in so far as the court granted defendant's motion for summary judgment on plaintiff's claim of discrimination based on the University's failure to investigate her claim of discrimination. (Filing No. 91).

In its Order the court concluded that plaintiff did not establish a claim for discrimination based on the University's failure to investigate her claim of discrimination because Alicia Santos, Director of the Equal Employment and Investigations in the Office of Equity, Access & Diversity programs, filed an affidavit with the court stating that she did indeed investigate plaintiff's complaint and determined the complaint to be without merit. Plaintiff argues that the court erred in granting summary judgment on this issue because the University did not comply with its grievance policy when investigating her complaint.

---

[2] The inability to apply for a teaching assistant position may be important for the limited purpose of determining damages under plaintiff's Title IX claim.

After reviewing the record the court upholds the decision in its March 31, 2006 Order. Courts have generally assessed Title IX discrimination claims under the same legal analysis as Title VII claims. *See id.; see also Roberts v. Colorado State Bd. of Agric.*, 998 F.2d 824, 832 (10th Cir.1993) (Title VII is "the most appropriate analogue when defining Title IX's substantive standards") (quoting *Mabry v. State Bd. of Community Colleges*, 813 F.2d 311, 316 n. 6 (10th Cir.1987)). Under this familiar three-step inquiry, a plaintiff must first establish a prima facie case. A prima facie case of discrimination requires the plaintiff to establish that he or she 1) was excluded from participation in , or denied the benefits of, or subjected to discrimination in an educational program; 2) that the program receives federal assistance; and 3) that the exclusion form the program was on the basis of sex. *Seamons v. Snow*, 84 F.3d 1226, 1232 (10th Cir. 1996). The creation of a prima facie case gives rise to the presumption that the challenged action was the result of unlawful discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, (1993). In order to rebut this presumption, the defendant bears the burden of articulating a facially nondiscriminatory reason for the adverse action. *See Reeves v. Sanderson Plumbing Products Inc.*, 530 U.S. 133, 143 (2000).

Plaintiff cannot establish a prima facie case of discrimination based on her allegation that the University ignored her complaint. The court acknowledges that a refusal to investigate a complaint of discrimination could be considered discrimination in an education program, but here Ms. Santos testified that she reviewed the complaint, investigated the complaint and determined it to be without merit. It was within the University's discretion to determine that plaintiff's complaint was without merit. While the University may not have followed its grievance procedure to the letter, it did not deny plaintiff the opportunity to

5

make a complaint against the University. Therefore, plaintiff cannot establish a claim of discrimination under Title IX on this issue.

**Motion to Continue Planning Conference**

Plaintiff requests that the court postpone the June 8, 2006 planning conference until the middle of December 2006. The court will hold the planning conference as scheduled on June 8, 2006, however, if at that time plaintiff wishes to move the pre-trial conference and trial dates out to December of 2006 the court will schedule the trial accordingly.

THEREFORE, IT IS ORDERED:

1. Defendant's motion for summary judgment (Filing No. 50) is granted in part and denied in part. The motion is granted with respect to plaintiff's claim under Title VII. The issue that remains for trial is whether pursuant to Title IX of the Education Amendments of 1972, the University discriminated against plaintiff by dismissing her from the CSE PhD program after her unsuccessful appeal from her dismissal for failing to satisfy the program exam requirements.

2. Plaintiff's motion for reconsideration of the court's initial motion for summary judgment (Filing No. 91) is denied.

3. Plaintiff's motion to continue planning conference (Filing No. 92) is denied.

DATED this 17th day of May, 2006.

                                                BY THE COURT:

                                                S/ F. A. Gossett
                                                United States Magistrate Judge