IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YU LIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3153 |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF NEBRASKA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff, Yu Lin's, Motion for Reconsideration of Judgment (Filing No. 129). In plaintiff's motion, she argues that judgment was improperly entered in favor of defendant because plaintiff's exhibits outweighed defendant's exhibits, defendant's exhibits were inadmissible due to forgery, and plaintiff was not given a chance for rebuttal during the trial.

### FACTUAL BACKGROUND

On June 29, 2005, plaintiff filed a complaint against the defendant University of Nebraska alleging claims under Title VII of the Civil Rights Act and Title IX of the Education Amendments of 1972. The court dismissed the majority of plaintiff's claims in response to defendant's motion for summary judgment. (Filing No. 104). But determined that the plaintiff had identified triable issues concerning whether the defendant violated Title IX of the Education Amendments Act of 1972 by dismissing plaintiff from the CSE PhD program after her unsuccessful appeal from her dismissal to satisfy the program exam requirement. (Filing No. 104)

A trial was held on September 29, 2006. After the conclusion of plaintiff's case in chief, defendant moved for judgment as a matter of law. The court granted defendant's

motion and the case was dismissed. Plaintiff now challenges the court's decision and the judgment entered against her.

## DISCUSSION

On a Fed. R. Civ. P. 52(c) motion for judgment on partial findings the court considers the evidence presented as of the time of the motion, without presumption in favor of either party, and may grant the motion, if on the evidence presented, the court would find against the party that has already presented evidence, and in favor of the moving party. *Geddes v. Northwest Missouri State Univ.,* 49 F.3d 426, 429 (8th Cir.1995)*; Van Horn v. Specialized Support Servs.*, Inc., 269 F. Supp.2d 1064, 1069 (S.D.Iowa 2003).

To establish that the defendant discriminated against her in violation of Title IX it was plaintiff's burden to prove that the defendant, a federally funded institution, excluded her from participation in, or denied her the benefits of the CSE PhD program, *based on* plaintiff's gender. Title IX states, in relevant part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance ...." 20 U.S.C. § 1681(a).

In plaintiff's motion for reconsideration she herself describes the evidence she presented at trial as:

> a) Mr. Jun Wang's misconduct during the exam on November 19, 2003 as acknowledged by defendant
> b) She recalled her system track qualifier exam in Fall 2003 was misgraded, which is also supported by the fact that defendant refused the original GRADED exam sheet
> c) She testified Mr. Jiang told her during the exam that "prediction accuracy of 95%" should not be used for Problem II, part c) and she testified the exam

      time she spent on the other problems was reduced because she had to think how to solve this problem without "prediction accuracy."
      d) Mr. Seth and Mr. Srisa-an acknowledged Problem II, part c) should use "prediction accuracy of 95%"
      e) the total available credits for Problem II, part c is 10, however;
- Mr. 012 receives 8 points without using the accuracy condition
- Mr. 843 receives 9 points without using the accuracy condition
- Mr. 842 receives 7 points without using the accuracy condition
- Mr. 704 received 8 points without using the accuracy condition

    Upon review of this evidence, it is clear that plaintiff simply failed to meet her burden of proof. At most this evidence indicates that plaintiff was treated unfairly due to an error in testing, but it clearly fails to establish by a preponderance of the evidence, or even by some of the evidence, that any of defendant's actions were motivated by plaintiff's gender. It is simply not sufficient for plaintiff to claim that she was treated poorly or unfairly by defendant, she must show that the motivation for this treatment was her gender. Because plaintiff did not make such a showing plaintiff failed to establish her case.

    Furthermore, plaintiff's other grounds for reconsideration are unfounded. First, because plaintiff could not establish her case in chief, the authenticity of defendant's exhibits are not at issue. Second, plaintiff was given many opportunities to respond to defendant's cross- examination of her, and raise any objections to defendant's motion for judgment as a matter of law. But again because plaintiff could not provide any evidence to show that defendant dismissed her from the CSE PhD program *due to her gender* there was no need to go forward with the trial.

3

Therefore, because plaintiff's Motion for Reconsideration does not raise facts or legal arguments which would cause me to reconsider the judgment entered in favor of defendant and against plaintiff, therefore, her motion is denied.

IT IS ORDERED:

1. That plaintiff's Motion for Reconsideration (Filing No. 129) is denied.

2. That the Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff at her last known address.

DATED this 11th day of October, 2006.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge