IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YU LIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3153 |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF NEBRASKA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's Motion to Amend Judgment (Filing No. 130). Defendant moves the court to amend the judgment by deleting the language "each party to bear her or its own costs" allowing defendant to move for plaintiff to pay its costs pursuant to Fed. R. Civ. P. 54(d). Rule 54(d)(1) of the Federal Rules of Civil Procedure provides as follows:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed.R.Civ.P. 54(d)(1). The Eighth Circuit has explained that Rule 54(d) "represents a codification of the 'presumption that the prevailing party is entitled to costs.' " *Greaser v. Missouri*, 145 F.3d 979, 985 (8th Cir. 1998) (citing *Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995)). However, despite the presumption, the district court has significant discretion in awarding costs to the prevailing party. *Id.* (citing *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997)); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) ("Rule 54(d) generally grants a federal court

discretion to refuse to tax costs in favor of the prevailing party"); *Brisco-Wade v. Carnahan*, 297 F.3d 781, 783 (8th Cir. 2002) ("Rule 54(d) gives the district court discretion not to award costs to the prevailing party….").

This case involves a pro se plaintiff who is presently an unemployed graduate student. In plaintiff's brief opposing defendant's motion, she states that she is financially unable to pay the costs in this case and attaches a bank account statement that indicates she has around $1,000.00. Plaintiff states that the remaining money she has in her bank account will be used to purchase a ticket to return to China. Under these circumstances, the plaintiff is unlikely to be in a position to reimburse defendant for its costs. Therefore, the court denies defendant's motion to amend its judgment as it is not inclined to award defendant costs that the plaintiff is unable to pay.

IT IS ORDERED:

   1. Defendant's motion to amend judgment (Filing No. 130) is denied;

   2. The Clerk of Court is directed to send a copy of this Order to the plaintiff at her last-known address.

   DATED this 30th day of October, 2006.

                                         BY THE COURT:

                                         s/ F.A. Gossett
                                         United States Magistrate Judge